Steven W. Hirsch County Attorney Decatur County Courthouse P.O. Box 296 Oberlin, Kansas 67749
Dear Mr. Hirsch:
As county attorney you request our opinion regarding K.S.A. 74-7001 etseq. which require licensure for the technical professions (architecture, landscape architecture, engineering, land surveying) and application of the statutes to county officers and employees who may fall within the scope of the activities that require licensure. You indicate that the board of technical professions, which is charged with administering the act, is requiring that counties use the services of a licensed technical professional for any road, bridge, building or survey being utilized by the public unless specifically exempted by the statute.
K.S.A. 74-7001 requires any person practicing any "technical profession" to be licensed. "Technical professions" includes engineering, land surveying, architecture, and landscape architecture which are defined at K.S.A. 74-7003. In 1978, section 27 of senate bill no. 419 created a laundry list of exemptions from the licensure requirement. Those exemptions included "the practice of officers and employees of any federal, state, county or city governmental agency . . . while engaged in the performance of their official duties." The house committee as a whole deleted this provision and instead exempted only certain governmental agencies in certain specified professions. For example, K.S.A. 74-7031(f) (repealed L. 1992, ch. 240, sec. 20) exempted only federal governmental employees engaged in the practice of architecture, K.S.A. 74-7032(d) (repealed L. 1992, ch. 240, sec. 21) exempted only federal and state officers and employees engaged in the practice of landscape architecture, and K.S.A. 74-7034(f) (repealed L. 1992, ch. 240, sec. 23) created an exemption for county officers and employees who engaged in land surveying.
At the request of the board of technical professions, all of these governmental exemptions were repealed in 1992. However, the legislature adopted the league of Kansas municipalities' suggestion for an amendment that is found at K.S.A. 74-7035(i) which exempts public officers and employees who provide information pertinent to or review the sufficiency of technical submissions, or who inspect property or buildings for compliance with requirements safeguarding life, health or property. In addition, K.S.A. 74-7038 grants immunity to public officials who approve technical submissions or issue building permits contrary to the act.
In light of the legislative history it is our opinion that county officers and employees are no longer automatically exempt from the provisions of K.S.A. 74-7001 et seq. by virtue of their public employment. Consequently, it is incumbent upon counties to ensure that any officers or employees who perform work that falls under the definition of the "technical professions" and who are not otherwise exempt under K.S.A. 74-7031 — 74-7035 be licensed professionals.
Finally, you inquire whether the exemption found at K.S.A. 74-7035(d) for "the practice of persons who are employees of any . . . corporation . . . and who do not offer to the public their services in the technical professions" could be applied to county officers and employees — the argument being that a county is a "corporate body". K.S.A. 19-101.
As previously discussed, K.S.A. 74-7035 contains a laundry list of exemptions from the act — one of which is the exemption at issue here. When K.S.A. 74-7035 was initially being considered by the 1978 legislature it included an exemption for federal, state, county and city agencies as well as the current exemption for employees of a corporation not offering their services to the public. The exemption for government officers and employees was removed and placed under selected provisions of the act thereby limiting the exemptions to specific categories as opposed to a general exemption from the entire act. It is obvious that the 1978 legislature rejected the idea of exempting all governmental agencies from the act and instead chose to exempt only certain selected governmental agencies from the ambit of specifically designated professions. It is also clear that the 1978 legislature would have defeated its purpose if "corporations" as used in K.S.A. 74-7035(d) included municipal corporations. In any event in 1992, all of the governmental exemptions that were enacted in 1978 were repealed. Consequently, it is our opinion that the term "corporations," as used in K.S.A. 74-7035(d), does not include municipal corporations such as counties and cities. In Attorney General Opinion No. 80-91, we concluded that "corporation" as used in K.S.A. 74-7035(d) included the state parks and resources authority which by law is a "corporate" body, however, in light of the legislative changes and to the extent that Attorney General Opinion No. 80-91 differs from this conclusion, it is hereby withdrawn.
Summarizing, it is our opinion that county officers and employees are not exempt from the provisions of K.S.A. 74-7001 et seq. The act applies to county officers and employees who perform services that fall under the definitions in the act and who are not otherwise exempt. Furthermore, the term "corporations," as used in K.S.A. 74-7035(d), does not include municipal corporations such as counties and cities and to the extent that Attorney General Opinion No. 80-91 differs from this conclusion, it is hereby withdrawn.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm